UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Charles P. Forsberg</u>,
    Plaintiff

    v.                                   Case No. 12-cv-27-SM
                                            Opinion No. 2013 DNH 028

<u>Kearsarge Regional School District</u>,
    Defendant

**O R D E R**

Although it presents a reasonable claim, having lingered over its relative merit for some time, it is evident that defendant's motion for attorney's fees (document no. 25) must be denied. Defendant has not carried the heavy, but necessary, burden to show that the court's inherent authority to award fees should be exercised because plaintiff brought his federal claims in bad faith, <u>see</u> <u>Donovan v. Whalen</u>, 2008 WL 1882950, at *2 (D.N.H. April 24, 2008), or, for purposes of 42 U.S.C. § 1988, that the claims were entirely "frivolous, unreasonable, or without foundation." <u>Amatucci v. Hamilton</u>, 2007 WL 2993824, at *1 (D.N.H. Oct. 11, 2007).

Plaintiff's legal argument against claim preclusion, as set out in his opposition to the motion to dismiss, is revealing. <u>See</u> Pl. Obj. to Motion to Dismiss (document no. 22). Plaintiff argued for application of broad, and long-standing, equitable

exceptions to preclusion.  To that extent, certainly, plaintiff's argument in support of his claims was not wholly frivolous.  It was ill-informed and superficial, because it did not account for nuances and complexities in the application of those legal principles.  That circumstance, however, does not give rise to an inference that plaintiff was acting in bad faith, but, rather, that he "is less than fully capable of distinguishing between legally meritorious" arguments and "those . . . lacking in support."  Amatucci, 2007 WL 2993824, at *6.

In the end, whether plaintiff's conduct in pursing this federal case shades into bad faith, given the history, and whether the claims were legally frivolous, are close calls.  Although plaintiff was well-advised by defendant's counsel to voluntarily dismiss this suit, and plaintiff cavalierly put himself at risk by proceeding, still, the court cannot conclude that defendant has met its heavy burden to show bad faith.  Nor has it shown this case to be one of those "rare" situations calling for an award of fees to defendant under Section 1988.  See Amatucci, 2007 WL 2993824, at * 1 ("[T]he court of appeals for this circuit has made it perfectly clear that 'decisions to grant defendants their fees [under Section 1988] are, and should be, rare.'") (quoting Tang v. Dept. of Elderly Affairs, 163 F.3d 7, 13 (1st Cir. 1988)).

In addition, to the extent defendant seeks an award of fees to deter further lawsuits, plaintiff "has no history of vexatious or harassing litigation in this court." Id. at *6. There "would appear," therefore, "to be little cause to seek to deter [him] from similar conduct in the future." Id.

All of this is not to say, of course, that the court's broad discretion - and patience - is without limit. This is plaintiff's first, and the court expects, last, challenge in the federal courts to the same municipal processes he has challenged twice in state court. He is fairly warned that it is time to put this issue to rest — additional litigation involving the same matter will likely tip the balance in a different, and potentially costly direction.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

March 12, 2013

cc: Charles P. Forsberg, pro se
    Barbara F. Loughman, Esq.
    Matthew G. Mavrogeorge, Esq.